UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSEPH ALLAN RACHAUSKAS,

                Plaintiff,

    v.

RIC BISHOP, *et al.*,

                Defendants.

Case No. C24-5833-TSZ-MLP

ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

        Plaintiff brings this civil rights action under 42 U.S.C. § 1983, alleging Defendants knew of and disregarded excessive overcrowding at the Clark County Jail, thereby depriving Plaintiff of basic sanitation and failing to curb the spread of COVID-19. (*See* dkt. # 26.) This matter is before the Court on Plaintiff's renewed motion for appointment of counsel. (Dkt. # 27.) Plaintiff requests counsel because he is indigent, does not know the law or how to research it, has learning disabilities, and this is a complex case. (*Id.*)

        No constitutional right to counsel exists for an indigent plaintiff in a civil case unless the plaintiff may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). Pursuant to 28 U.S.C. § 1915(e)(1), however, this Court has the discretion to appoint counsel for indigent litigants proceeding *in forma pauperis*. *United States v.*

*$292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995). The Court may appoint counsel only on a showing of "exceptional circumstances." *Id.*; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn*, 789 F.2d at 1331. These factors must be viewed together before reaching a decision on a request for counsel under § 1915(e)(1). *Id.*

At this stage of the litigation, the Court cannot determine whether Plaintiff is likely to prevail on the merits. The Court is aware of the seriousness of Plaintiff's allegations of harm due to excessive overcrowding, however, in the absence of more evidence to support his claim, it is unclear whether Plaintiff is likely to prevail on the merits. Plaintiff has also made it clear that he is fully capable of articulating his position. The claims in Plaintiff's third amended complaint (dkt. # 26) demonstrate an adequate ability to articulate his claims *pro se*. In addition, the legal issues in this case are not particularly complex, and Plaintiff has demonstrated an ability to navigate them by successfully responding to a motion to dismiss all of his claims. (*See* dkt. ## 15, 19, 21-22, 25, 29.) In summary, Plaintiff has failed to show exceptional circumstances exist to appoint counsel.

After careful consideration of the motion, the governing law, and the balance of the record, the Court finds that the complexity of the legal issues present in this case and Plaintiff's ability to articulate his claims do not constitute exceptional circumstances to justify the appointment of counsel. Plaintiff's motion for appointment of counsel (dkt. # 27) therefore is DENIED. Accordingly, the Court concludes that appointment of counsel is not appropriate at this time. Plaintiff will be free to move for appointment of counsel, if necessary, at a later date.

The Clerk is directed to send a copy of this Order to the parties and to the Honorable Thomas S. Zilly.

Dated this 22nd day of August, 2025.

MICHELLE L. PETERSON
United States Magistrate Judge