UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSEPH ALLAN RACHAUSKAS,<br><br>Plaintiff,<br><br>v.<br><br>RIC BISHOP, Jail Administrator Clark County; CHUCK ATKINS, Clark County Sheriff; and KIMBERLY BELTRAN, Clark County Jail Commander,[1]<br><br>Defendants. | C24-5833 TSZ<br><br>ORDER |

THIS MATTER comes before the Court on an Amended Report and Recommendation ("Amended R & R"), docket no. 57, issued by the Honorable Michelle L. Peterson, United States Magistrate Judge, regarding Plaintiff Joseph Rachauskas's Motion for Leave to File an Amended Complaint, docket no. 46, and Defendants' Motion for Summary Judgment, docket no. 40. Having reviewed the Defendants' Objections, docket no. 58, to the Amended R & R, the Court hereby ADOPTS the Amended R & R and enters the following order.

[1] The Clerk is DIRECTED to change Defendant "K Beltran" on the docket to "Kimberly Beltran." See Beltran Decl. (docket no. 43).

Defendants raise four objections, two with respect to each motion addressed in the Amended R & R. As to Plaintiff's Motion for Leave to File an Amended Complaint, Defendants argue that (1) the Amended R & R failed to properly apply Local Civil Rule ("LCR") 15; and (2) the Amended R & R clearly erred by granting Plaintiff leave to add a new party after the dispositive motion and discovery deadlines had passed. Objs. at 2–8 (docket no. 58). As to Defendants' Motion for Summary Judgment, Defendants argue that (1) Plaintiff's sanitation claim should be dismissed because the record contains no evidence that Defendant Beltran had "actual knowledge" of the toilet-access related sanitation conditions; and (2) qualified immunity bars liability against Defendant Beltran. Id. at 8–13. The Court will address each argument sequentially.

While the Court's review regarding a Report and Recommendation is de novo for dispositive motions, objections to non-dispositive motions are reviewed for clear error. 28 U.S.C. § 636(b)(1)(A), (C); see also Fed. R. Civ. P. 72. Under either standard, "[t]he court is not bound by the recommendations of the magistrate judge but retains responsibility for making the final determination." Thomsen v. NaphCare, Inc., 2022 WL 309315, at *1 (D. Or. Feb. 2, 2022). The Court "is not required to review, de novo or under any other standard, the factual or legal conclusions . . . to which no objections are addressed."[2] Id.

[2] Plaintiff has not filed any objection to the portions of the Amended R & R that concluded Plaintiff's claims based on COVID-19 exposure should be dismissed because Plaintiff failed to provide evidence of Defendants Atkins's and Beltran's involvement in those events. Am. R & R at 8–9 (docket no. 57). The Amended R & R further concluded that Plaintiff's claims based on inadequate sanitation facilities should be dismissed as to Defendant Atkins. Id. at 10, 12. The Court ADOPTS these rulings as uncontested.

**Discussion**

**A. Plaintiff's Motion for Leave to File an Amended Complaint**

Plaintiff seeks to amend his complaint only to remove one party and add another: Defendant Bishop retired from his post and was replaced by Phil Sample during the relevant time period of the events at issue in this case. See Mot. at 1 (docket no. 46).

"The court should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). "In determining whether leave to amend is appropriate, the district court considers 'the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility.'" Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001) (quoting Griggs v. Pace Am. Group, Inc., 170 F.3d 877, 880 (9th Cir. 1999)). Plaintiff, who is a pro se prisoner, is subject to the same procedural requirements as other litigants. See Muñoz v. United States, 28 F.4th 973, 978 (9th Cir. 2022).

Defendants contend that they and Sample are prejudiced by Plaintiff's failure to attach a proposed amended complaint in violation of LCR 15(a), because they have not received "fair notice" of Plaintiff's proposed allegations. Objs. at 4 (docket no. 58). As stated in the R&R, "[I]t is clear Plaintiff seeks to replace references to Mr. Bishop with references to Mr. Sample." Am. R & R at 3 (docket no. 57). The Court agrees. Defendants and Sample suffer no prejudice and amendment would not be futile where Plaintiff's allegations against Sample will be identical to those against Defendant Bishop.

The deadlines for dispositive motions and discovery had passed, and Federal Rule of Civil Procedure 16(b)(4) controls Plaintiff's motion to amend. See Mills v. Monlux,

2026 WL 364430, at *3 (W.D. Wash. Feb. 10, 2026). A schedule may be modified only for good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4). "Good cause" focuses on the diligence of the party seeking to modify the pretrial scheduling order. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). The Amended R & R concluded, and the Court agrees, that Plaintiff moved to amend as soon as Defendant Bishop's declaration was filed in support of Defendants' motion for summary judgment, which corroborated a credible explanation for his belated discovery of the correct identity of the Chief Jail Deputy Sheriff during his time in the Clark County Jail. See Am. R & R at 4 (docket no. 57). Defendants, citing newly filed exhibits, contend that this information had been already provided to Plaintiff during discovery. Objs. at 5–6 (docket no. 58); see Exs. A–B to Murphy Decl. (docket nos. 59-1 & 59-2). This information was never previously submitted to the Court. The Court has discretion, but is not required, "to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation." United States v. Howell, 231 F.3d 615, 621 (9th Cir. 2000). The Court declines to do so, because the new exhibits were available to Defendants months before Plaintiff filed his motion and Defendants filed theirs.

**B. Defendants' Motion for Summary Judgment**

Plaintiff was a pretrial detainee at all times relevant to this action, so his claims arise under the Fourteenth (as opposed to the Eighth) Amendment and are evaluated under an objective "deliberate indifference" standard. See Gordon v. County of Orange, 888 F.3d 1118, 1124–25 (9th Cir. 2018) (citing Castro v. County of Los Angeles, 833

F.3d 1060, 1070 (9th Cir. 2016)).[3] To prevail on this claim, Plaintiff must prove: (i) a defendant made "an intentional decision with respect to the conditions" under which Plaintiff was confined; (ii) those conditions put Plaintiff at "substantial risk of suffering serious harm"; (iii) the defendant "did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious"; and (iv) by not taking such measures, the defendant caused Plaintiff's injuries. See id. Defendants' objections center on the first element.[4]

Defendants' focus on the absence of evidence that Defendant Beltran was directly told about overcrowding and sanitation issues is misplaced; all reasonable inferences must be drawn in Plaintiff's favor on summary judgment. Defendants' own admissions create a genuine issue of material fact and cast doubt on Defendant Beltran's broad, general denial statements that she lacked any knowledge, belief, or awareness of issues regarding overcrowding and sanitation in the Clark County Jail from November 2021 to December 2021. See Beltran Decl. at ¶¶ 3–6 (docket no. 43). Defendants admitted that it is "routine to have any number of individuals sleeping on the floor of the E-3 dormitory,"

---

[3] Defendants rely heavily on Johnson v. Lewis, 217 F.3d 726 (9th Cir. 2000), for the proposition that Plaintiff must show Defendant Beltran possessed "actual knowledge" of overcrowding and related sanitation issues in the E-3 dormitory of the Clark County Jail. Johnson analyzed claims made by state prison inmates who alleged that the conditions under which they were held violated the Eighth Amendment's prohibition against cruel and unusual punishment. 217 F.3d at 729. Plaintiff brings his claim under the Fourteenth Amendment, not the Eighth Amendment, so the Court applies the standards set forth by the Gordon Court.

[4] Defendants also argue that Plaintiff's theory of liability against Defendant Beltran is negligence, which is not actionable under 42 U.S.C. § 1983. Objs. at 10 (docket no. 58). The Court rejects this argument for the same reasons articulated in the Amended R & R. See Am. R & R at 10–11 (docket no. 57).

and the E-3 dormitory contains one shower, one sink, one toilet, and one urinal. Ex. A to Rachauskas Br. (docket no. 49-1 at 11). Defendant Beltran claims her responsibilities involved "operational oversight, not medical decision making," but she admits that in her "role as Corrections Commander, I can confirm that mitigating measures [related to the COVID-19 pandemic] were being implemented at Clark County Jail during the November 2021 to December 2021 time frame." Beltran Decl. at ¶¶ 3, 6 (docket no. 43). A reasonable inference may be drawn that the E-3 dormitory was frequently overcrowded and prone to sanitation issues. Viewing all evidence in a light most favorable to Plaintiff, genuine issues of material fact exist as to whether Defendant Beltran made an intentional decision affecting overcrowding and therefore toilet-access related sanitation conditions.

Defendants also contend that Defendant Beltran is entitled to qualified immunity from Plaintiff's claims. Objs. at 11–14 (docket no. 58). The Amended R & R concluded that "[r]esolving all factual disputes and drawing all inferences in Plaintiff's favor, Commissioner Beltran's reckless disregard of the insufficient number of toilets for the number of detainees violated a clearly established constitutional right and, accordingly, she is not entitled to qualified immunity." Am. R & R at 13 (docket no. 57). The Court agrees. At this stage, the record supports a conclusion that Defendant Beltran possessed operational oversight responsibilities that were not acted upon to mitigate the Clark County Jail's known history of overcrowding, particularly in the E-3 dormitory, where over the course of several days from November 2021 to December 2021, the inmate population ballooned well past the authorized amount (8–10 inmates) to as high as

24 inmates during the COVID-19 pandemic. See Rachauskas Decl. at ¶¶ 16–18 (docket no. 49); Ex. A to Rachuauskas Br. (docket no. 49-1 at 11).

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1) The Amended Report and Recommendation, docket no. 57, is ADOPTED.

(2) Plaintiff's Motion to Amend the Complaint, docket no. 46, is GRANTED, and Phil Sample is SUBSTITUTED for Defendant Bishop.

(3) Defendants' Motion for Summary Judgment, docket no. 40, is GRANTED in part and DENIED in part. Plaintiff's claims against Defendant Chuck Atkins and his COVID-19 exposure claim against Defendant Kimberly Beltran are DISMISSED.

(4) This case is REFERRED back to Magistrate Judge Peterson for all pretrial matters.

(5) The Clerk is directed to send a copy of this Order to all counsel of record, Plaintiff pro se, and Magistrate Judge Peterson.

IT IS SO ORDERED.

Dated this 20th day of August, 2026.

Thomas S. Zilly

Thomas S. Zilly
United States District Judge